IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE DEJESUS GONZALEZ-ALVARADO,

Defendant.

No. 6:10-cr-60133-AA

OPINION AND ORDER

AIKEN, Chief Judge:

On April 23, 2012, defendant pled guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine, as charged in an information filed the same day. On February 20, 2013, defendant was sentenced to a term of 108 months imprisonment, the low end of the applicable sentencing guideline range. Defendant did not directly appeal his conviction or sentence.

Defendant now moves to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

In his § 2255 motion, defendant claims that his counsel rendered ineffective assistance by failing to seek the personnel files of law enforcement officers and laboratory personnel, failing to obtain independent testing of the methamphetamine found on defendant's person, failing to seek evidence of police misconduct involving Springfield police officers, and failing to explain the terms and consequences of defendant's plea agreement. However, defendant fails to show deficient performance on the part of counsel or prejudice resulting from counsel's alleged failures.

To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of plea proceedings, the defendant must show that but for counsel's alleged deficiency, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Here, defendant provides no basis that would have supported a request for disclosure of highly confidential personnel files; defendant's contention that the files might have contained impeachment material is based on nothing more than speculation. Further, defendant fails to identify what evidence would have been

discovered if counsel had sought evidence of misconduct on the part of Springfield police officers. Defendant provides no specific instances or allegations of misconduct associated with the discovery of methamphetamine on his person. Further, defendant presents no argument or evidence that counsel knew or should have suspected misconduct, particularly when defendant freely admitted he was dealing methamphetamine. With respect to testing the methamphetamine for purity, defendant admitted that he possessed more than fifty grams of methamphetamine - over 200 grams - and its purity was never at issue. Regardless, even if counsel was deficient for failing to seek personnel files or independent testing, defendant cannot show prejudice because he admitted that he possessed the methamphetamine and fails to show how counsel's alleged deficiencies affected his decision to plead guilty.

Finally, the record belies defendant's assertion that counsel failed to explain the consequences of his plea agreement. Defendant represented that he pled guilty freely and voluntarily with the full understanding of the allegations set forth in the information and his plea agreement. Docs. 45, 46. In his signed plea petition and in open court, defendant stated that he had a full and adequate opportunity to consult with his counsel, that his attorney explained the effect of the plea agreement, that his attorney discussed the sentencing guidelines with him, and that he understood the nature of his agreement. Doc. 45; Transcript of

Proceedings (Tr.) 4-7, 12-13 (April 23, 2012); Tr. 7 (February 20, 2013). At most, defendant maintains that his sentence was greater than that anticipated by counsel. But see Evans Decl. (doc. 89). However, an erroneous sentencing prediction by counsel is not considered ineffective assistance of counsel. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir. 1991); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990). Moreover, given the nature of the plea agreement negotiated by counsel and the sentence imposed as a result, defendant fails to establish deficiency of counsel or any resulting prejudice.

In sum, defendant fails to establish a viable claim of ineffective assistance of counsel.

CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 74) is DENIED, and all pending motions (docs. 79, 80, 81) are DENIED as moot.

IT IS SO ORDERED.

Dated this 14th day of November, 2013.

Ann Aiken

Ann Aiken
United States District Judge